FILED '09 JUN 15 15:27 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KEITH GOODRIDGE CONSTRUCTION,
and KEITH GOODRIDGE
                        Plaintiffs,              Civil No.  08-6313-TC

            v.                                   ORDER AND FINDINGS AND
                                                 RECOMMENDATION
WYBS,INC., a Delaware Corporation,
doing business as MERCHANTCIRCLE
and JOHN DOE 1,

_____Defendants.____

COFFIN, Magistrate Judge:

        This action was removed from state court on the basis of
diversity. Plaintiffs essentially contend that the Doe defendant
posted defamatory content on the internet through defendant WYBS
Inc.'s  website and that  WYBS encouraged and/or manipulated and
republished that content.

        Presently before this court is plaintiffs' motion (#14) for
leave to file second amended complaint and plaintiffs' motion(#19) to
remand action to Linn County Circuit Court.

BACKGROUND

Plaintiff filed this action for defamation, IIED and interference with business relations in the Circuit Court for the State of Oregon for the County of Linn.  WYBS Inc., the owner of the the website www.merchantcircle.com, was named as a defendant.

John Doe 1 was also named as a defendant in State Court. Plaintiffs alleged:

> Under information and belief,  Defendant John Doe 1 'Attorney' operates under the  the fictitious  name 'Attorney' and under information  and belief and Defendant John Doe 1 "Attorney" states he has knowledge of persons who have done business with Plaintiffs, they probably reside in or around Linn County, Oregon.  Plaintiff reserves the right to amend his complaint to include the true identity of 'Attorney' when it becomes known.

Paragraph 5 of Complaint, attached to Notice of Removal (#1).

Defendant WYBS removed the action to his court based on diversity of citizenship.  Plaintiffs notified this court at the first hearing that they had determined the identity of the John Doe defendant and sought to amend the complaint to replace John Doe with Susan and Anthony Gachell.  This court allowed plaintiffs to file a motion to do so.  See Minute Order dated January 16, 2009(#12).

Subject matter jurisdiction would be destroyed with the addition of the Gatchells as these defendants are citizens of Oregon and plaintiffs are also citizens of Oregon.

Although  defendant WYBS opposes the motions to amend and remand, WYBS  has not provided persuasive reasons to not allow the motion to amend and remand is appropriate in the circumstances of this case pursuant to 28 U.S.C. §§  1447 (c) and (e).  See Schwarzer, Tashima & Wagstaff, RUTTER GROUP PRAC. GUIDE: FED. CIV. PROC.BEFORE TRIAL(The

2 - ORDER AND FINDINGS AND RECOMMENDATION

Rutter Group 2003),§2.1079; <u>Yniques v. Cabral</u>, 985 F.2d 1031 (9th Cir.
1993), <u>disapproved on other grounds</u>, <u>McDowell v. Calderon</u>, 197 F.3d
1253, 1255 at FN 4 (9th Cir.  1999).

DISCUSSION

Plaintiffs' motion to amend to add the  Gatchell defendants arises
from the same occurrences that led to the claim against WYBS.  It is
made in good faith and is fundamentally fair.  It is not untimely,
is not fraudulent and is not sought   to destroy diversity of
citizenship.  Plaintiffs had named the Doe defendant as one of the key
players in the action from the  outset of this case in state court and
provided defendants with notice in the initial complaint in state
court that plaintiffs would be clarifying the name of the Doe
defendant when that information became available.[1]   The cases cited
by  WYBS in opposition to the motion to remand are distinguishable
from the case at bar and not persuasive.  For example, in  <u>Freeport
v. McMoRan Inc. v. K N. Energy</u>, 498 US 426, (1991), plaintiff sued the
diverse defendant for breach of contract.  Plaintiff subsequently sold
its interest in the contract to a limited partnership that was not
diverse from defendants.  The complaint was amended to join the
limited partnership pursuant to Fed. R. Civ P. 25(c) which allows
joinder of a transferee.  After a trial and verdict for plaintiff,
defendant sought to have the decision reversed and the case dismissed
for lack of jurisdiction.  The Supreme Court held that the initial
jurisdictional basis  was  not affected by the transfer that occurred

---

[1]Although inartfully done, plaintiffs arguably even gave
defendant WYBS some notice prior to WYBS's diversity based removal
that the additional defendant would probably be an Oregonian.  See
Paragraph 5 of Complaint, <u>supra</u>.

3 - ORDER AND FINDINGS AND RECOMMENDATION

in that case.   A transfer-of-interest substitution like the one in
Freeport is not a "joinder" within the meaning of §1447 (e) and , as
such, the Supreme Court held that as long as jurisdiction existed
initially, it is not affected by transfer transactions  during the
course of the litigation.  See id. and Schwarzer, Tashima & Wagstaff,
RUTTER GROUP PRAC. GUIDE: FED. CIV. PROC.BEFORE TRIAL(The Rutter Group
2003),§2.1079.10.  Freeport has repeatedly been applied to and limited
to the context of Fed. R. Civ P. 25 and transfers of interest among
parties.  See, e.g., Am. Fiber & Finishing, Inc. v. Tyco Healthcare
Group, LP, 362 F.3d 136 (1ˢᵗ Cir. 2004)  and cases cited at p.p.2-3 of
Plaintiffs' Reply (#26).  In contrast, the Gatchell's in the present
case are not being joined or substituted as a transferee arising from
a transaction between two different defendants.  They are replacing
the originally named Doe defendant after the Doe defendant could be
identified with particularity.  Freeport does not apply.

Defendant also cites  Spencer v. United States District Court,
393 F.3d 867 (9ᵗʰ Cir, 2004).  However, Spencer is distinguishable and
not applicable because  the defendants added in Spencer were
"completely diverse defendant[s]" and there was a "preservation of
complete diversity of the parties" after the addition of the
defendants. 393 F.3d at 870 and 871.  Spencer was a forum defendant
rule case under  28 U.S.C. §1441(b)[2] and the Court expressly declined
to decide what the result would be if the added defendant were a non-

---

[2]The forum defendant rule generally prohibits the removal of an
action by a diverse defendant where one of the other defendants is
local with regard to the federal court where the action would be
removed, i.e., where one of the other defendants is a citizen of the
state in which the action is brought).  This is true even if the local
defendant is diverse and would not defeat diversity jurisdiction.  See
28 U.S.C. § 1441(b).

diverse defendant.   393 F3d at 871.   The added defendants in the present case are nondiverse defendants. <u>Spencer</u> does not support WYBS's position and could even be used to argue that the present case should not have been removed in the first instance based on the information provided in the initial  complaint regarding the Doe defendant.  Moreover,  contrary to WYBS's argument, the issue in the present case is not merely procedural as the forum defendant rule was deemed to be in <u>Spencer</u>.  The issue in this case  goes to the very substantive issue of this court's  subject matter jurisdiction.

All of defendant's other arguments on the motions presently before the court have been considered and found unpersuasive.

CONCLUSION

Plaintiffs' motion (#14) for leave to file second amended complaint is allowed and plaintiffs shall serve the second amended complaint on all the defendants.

Plaintiffs' motion(#19) to remand action to Linn County Circuit Court should  allowed to the extent that the Clerk of the Court should remand this action to Linn  County Circuit Court upon notice from plaintiffs that the Second Amended Complaint has been served on all defendants.           .

All other pending motions should be denied as moot.

DATED this _____15th_____ day of June, 2009

THOMAS M. COFFIN
United States Magistrate Judge

5 - ORDER AND FINDINGS AND RECOMMENDATION