FILED '09 SEP 18 15:05 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KEITH GOODRIDGE CONSTRUCTION,
and KEITH GOODRIDGE
                Plaintiffs,           Civil No. 08-6313-TC

      v.                              FINDINGS AND
                                              RECOMMENDATION
WYBS,INC., a Delaware Corporation,
doing business as MERCHANTCIRCLE
and JOHN DOE 1,

                Defendants.

COFFIN, Magistrate Judge:

    Presently before this court is plaintiffs' motion (#35) for attorney fees. For the reasons stated below, such motion should be denied.

BACKGROUND

    Plaintiff filed this action for defamation, IIED and interference with business relations in the Circuit Court for the State of Oregon for the County of Linn. WYBS Inc., the owner of the website

www.merchantcircle.com, was named as a defendant. John Doe 1 was also named as a defendant in State Court.

Plaintiffs essentially contend that the Doe defendant posted defamatory content on the internet through defendant WYBS Inc.'s website and that WYBS encouraged and/or manipulated and republished that content.

Defendant WYBS removed the action to his court based on diversity of citizenship. Plaintiffs notified this court at the first hearing that they had determined the identity of the John Doe defendant and sought to amend the complaint to replace John Doe with Susan and Anthony Gachell. This court allowed plaintiffs to file a motion to amend and ultimately granted the motion.

Subject matter jurisdiction was destroyed with the addition of the Gatchells as these defendants are citizens of Oregon and plaintiffs are also citizens of Oregon. This court ultimately granted plaintiffs' motion to remand the action over WYBS's opposition.

Plaintiffs state in the current motion that they are entitled to recover their costs and attorney fees related to the removal and remand pursuant to 28 U.S.C. §1447(c). The motion does not state the amount of attorney fees that plaintiffs seek, but the declaration of counsel states that fees of $4,839.50 were incurred.

## DISCUSSION

28 U.S.C. § 1447(c) states, in pertinent part, "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Courts have discretion in the matter and generally do not award fees if defendant had objectively reasonable grounds to believe

removal was legally proper. See, e.g., Valdes v. Wal-Mart Stores, Inc., 199 F.3d 290, 292, 294 (5th Cir. 2000); Martin v. Franklin Capital Corp., 546 U.S. 132 136(2005). Fees are generally not awarded on remands resulting in postremoval changes to the case as the fees are not "incurred as a result of the removal" as required by §1447(c). See, e.g., Baddie v. Berkeley Farms Inc., 64 F.3d 487, 490 (9th Cir. 1995)(overturned in part on other grounds).

Defendants removal was legally proper. Plaintiffs admit that "complete diversity amongst the parties existed solely because plaintiffs were ignorant about the true identity of the Doe defendants and therefore could not state with certainty that the Doe defendants presence in the case would defeat diversity." P.2 of motion (#35). Plaintiffs also admit that removal "may have been technically permissable." P.4 of Motion (#35). Also see p.p. 3-4 Defendants' Oppostion(#40). As the removal was legally proper, an award of fees is not appropriate in the circumstances of this case.[1]

Plaintiffs also argue that defendant's opposition to the motion to remand was frivolous. The opposition was not persuasive and the cases cited by defendants were distinguished by the court for the purposes of the motion to remand, but it would be a stretch to call the opposition frivolous. Regardless, the fees plaintiffs incurred for their motion to remand were not incurred as a "result of the removal" as required by §1447(c). The removal was proper and the fees

---

[1]Plaintiffs assert that defendant WYBS acted in bad faith and deliberately withheld information regarding the location of the third party responsible for the alleged defamation until after the removal. However, such assertions appear to lack a foundation as demonstrated by WYBS. See p.p. 3-4 of Defendant's Opposition(#40). As discussed above, WYBS had objectively reasonable grounds to believe the removal was proper.

3 - FINDINGS AND RECOMMENDATION

incurred for the remand were a result of the postremoval addition of the Gatchells as defendants.

All of plaintiffs' other arguments have been considered and found unpersuasive.

## CONCLUSION

Plaintiffs' motion (#35) for attorney fees should be denied.


DATED this  18  day of September, 2009

_____
THOMAS M. COFFIN
United States Magistrate Judge

4 - FINDINGS AND RECOMMENDATION